UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

BIG R TOWING, INC.                      CIVIL ACTION NO. 10-538

VERSUS                                  JUDGE HAIK

DAVID WAYNE BENOIT, ET AL               MAGISTRATE JUDGE HILL

*FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER*

Before the court, by consent of the parties, in conjunction with a settlement of the

claims between David Wayne Benoit and Big R Towing, is a motion to determine future

medical expenses for purposes of allocating the settlement proceeds taking Medicare's

interests into account consistent with the Medicare Secondary Payor Act, 22 U.S.C.

1395y.

_____Big R Towing employed Benoit as a captain aboard the towboat General Ellis at

the time of the alleged accident on December 27, 2009.  Benoit's status as a seaman under

the Jones Act is not contested. Benoit allegedly injured his back and hip while performing

deck work on the tow, a task he was allegedly restricted from performing due to pre-

existing conditions in his spine for which he had undergone multiple surgical procedures

in the past. Benoit did not return to work and was paid maintenance and cure benefits

pursuant to the general maritime law, however, there was a dispute among the medical

doctors as to whether Benoit needed surgery on his back and a hip replacement.  Two

physicians, Dr. John Cobb, Benoit's treating orthopaedic surgeon, and Dr. Patrick Juneau,

a neurosurgeon,  concurred that Benoit needed back surgery in the form of a hemi-

laminectomy and foraminotomy at L4-5, the same level where he had undergone three

surgical procedures before the alleged accident. Dr. Cobb also recommended a left hip

replacement.  Dr. Douglas Bernard, an orthopaedic surgeon who also evaluated Benoit,

was of the opinion that Benoit did not have any type of acute injury, that there was no

medical evidence to support the surgical recommendation, that Benoit's pathology in his

back was entirely pre-existing and there was no reason Benoit could not be working.

Big R filed suit for declaratory relief on the issue of whether maintenance and cure

was owed for the medical procedure recommended by Dr. Cobb. Benoit filed a

counterclaim seeking damages under the Jones Act and general maritime law.  Liability

and the need for future medical treatment were vigorously contested.

The undersigned conducted a settlement conference with the parties on December

13, 2010 at which Big R agreed to fund a settlement in the total amount of $150,000.00 in

exchange for a complete release of all claims by Benoit against Big R.  Since Benoit was

receiving Social Security disability benefits, part of the consideration for the settlement

was that Benoit would be responsible for protecting Medicare's interests under the

Medicare Secondary Payor statute, 42 U.S.C. 1395y.  As such, an oral motion was made

for the court to determine the future medical expenses in order for Benoit to set aside

funding, taking Medicare's interests into account, in order for Medicare to remain as a

secondary payor

The parties provided the consent necessary to allow the undersigned to decide the

motion concerning the issue of future medical expenses. A hearing was held in open court at which evidence derived from the health care providers of the future medical costs for the recommended low back surgery and left hip replacement was placed into the record by Benoit's counsel.

Based upon the records and proceedings in this matter and the stipulations and submissions of counsel, the court makes the following findings of fact:

1. Medicare does not currently have a policy or procedure in effect for reviewing or providing an opinion regarding the adequacy of the future medical aspect of a liability settlement or recovery of future medical expenses incurred in liability cases.

2.  David Wayne Benoit's date of birth is August 2, 1952 and he will not obtain the age of 65 within 30 months of the date of settlement. However, he is currently receiving social security disability benefits.

3. Benoit qualifies as a seaman within the provisions of the Jones Act inasmuch as he was, at all relevant times, employed by Big R as the captain of a vessel in navigation. Benoit has not worked since December of 2009 and was earning approximately $50,000 per year at the time of the alleged accident. In the event Big R was found negligent or the M/V General Ellis unseaworthy, and such negligence or unseaworthiness caused Benoit's alleged damages, all of which are issues which are highly contested, he would be entitled to pecuniary and non-pecuniary damages.  He has incurred economic losses in the past and could incur economic loss and medical expenses in the future, the precise amount of which is speculative.  Considering all of the facts and circumstances of the case, including

significant liability issues and significant past and future losses, the parties' agreement to settle this case for a payment of $150,000.00 represents a reasonable compromise to avoid the uncertainty and expense should this case go to trial.

4.  Benoit is aware of his obligation to reimburse Medicare for all conditional payments made by Medicare, for medical expenses incurred by Benoit.  Benoit testified that Medicare has made no conditional payments in this case.

5.  The parties have considered Benoit's projected future loss of earnings and projected future medical expenses.  According to his health care providers, the future costs for low back surgery are $32,000.00, inclusive of hospital and surgical fees, and the costs for a left hip replacement are $20,500.00. The figure will not materially change if Benoit opts not to have surgery on his hip, but instead goes through palliative treatment. The combination of these two figures, $52,500.00, represents more than half of the net settlement proceeds and will be set aside by Benoit to fund these medical expenses.

6. There is no evidence that Benoit is attempting to maximize other aspects of the settlement to Medicare's detriment.

Based upon the foregoing findings of fact, the undersigned makes the following conclusions of law:

1.  The parties shall and have reasonably considered and protected Medicare's interests in the settlement of this matter.

2.  Medicare is a secondary payor under the Medicare secondary payor program, to the extent that there are Medicare covered expenses incurred by David Wayne Benoit, in

4

the past or in the future, arising out of the accident and injuries alleged in this lawsuit.

3.  David Wayne Benoit is obligated to reimburse Medicare all conditional

payments made prior to the time of the settlement, and for all medical expenses submitted

to Medicare prior to the date of this order, even if such conditional payments are asserted

by Medicare subsequent to the effective date of this order.

4. The findings of fact support the conclusion that it is reasonably expected that

David Wayne Benoit may become a Medicare beneficiary in the future.   The sum of

$52,500.00 to be set aside by David Wayne Benoit out of the settlement proceeds for

future medical expenses associated with lumbar surgery and left hip replacement or

therapy fairly takes Medicare's interests into account and David Wayne Benoit should set

aside that amount to protect Medicare's interests as the secondary payer for future

medical expenses arising out of the injuries alleged in this lawsuit.

Based upon the foregoing conclusions of law, the court makes the following

Order:

IT IS HEREBY ORDERED that:

1.  To the extent David Wayne Benoit receives confirmation from Medicare of any

conditional payments made by Medicare for services provided prior to the date of this

order, David Wayne Benoit shall promptly reimburse Medicare for such conditional

payments;

2.  David Wayne Benoit will set aside $52,500.00 of the settlement proceeds for

payment of future medical benefits arising out of the injuries alleged in this lawsuit which

would otherwise be paid or payable by Medicare.

Lafayette, Louisiana, this 5th day of January, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)